ANTHONY E. IMBESI, APPELLANT, v. EASTERN MOTOR COMPANY, DEFENDANT.

Argued May 21, 1925—Decided October 19, 1925.

I. purchased from E. a Dodge automobile, paying therefor in cash $50, delivering an Essex automobile valued at $750 in exchange, giving a promissory note for the balance of the purchase price for $1,054, and executing a conditional sales agreement. After delivery of the car a claim was made by C. of a garage keeper's lien on the Essex car, and upon the claim legal proceedings were taken whereby the car was taken from the possession of E. E. then made demand upon I. for the return of the Dodge car, and, failing to obtain its return, seized the car. The agreement

provided for a possession in the purchaser and an ultimate owner-ship of the car upon performance of the conditions of the agreement. These conditions did not refer to the Essex car nor to the purchase price of the Dodge car. *Held*, that in an action of replevin by I. for possession of the seized Dodge automobile he was entitled to recover.

On appeal from the Supreme Court.

For the appellant, *Charles K. Landis, Jr.*

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

LLOYD, J. Anthony E. Imbesi, the appellant, purchased from the respondent, Eastern Motor Company, a Dodge automobile, paying therefor in cash $50, delivering an Essex car in exchange, valued in the transaction at $750, and securing the balance of the purchase price, with various items for expenses and accessories amounting to $1,054, by a note and a contract in writing called a conditional sales agreement. Among the conditions of the agreement are:

"(2) The party of the second part [purchaser] shall hold and be at liberty to us the said automobile and equipment for the term of thirty days from the delivery thereof to him at the rent for the term payable as follows: A thirty [30] day note, with interest at six per cent., for $1,054, to be reduced $88 each and every month when due until the note is paid in full, such payments making in the sum of $1,054."

After the transaction was completed it developed that a claim was made by one J. Presper Cadman, Jr., of a garage keeper's lien for $125.30 on the Essex car that had been traded in, and he subsequently took legal proceedings against the car to enforce the alleged claim.

Upon this happening the Eastern Motor Company, declaring itself entitled to a garage keeper's lien on the Dodge car for the sum of $750 and interest, seized and took possession of that car. The appellant then issued a replevin to recover the car.

At the trial, upon the foregoing facts being shown, the learned trial judge, on motion of the respondent, granted a nonsuit. It is sought to sustain the ruling granting the nonsuit on two grounds: (1) That the appellant's right of possession expired at the end of thirty days from the delivery of the car, and (2) that upon failure of the motor company to hold the Essex car against the lien claim it was entitled to retake possession of the Dodge car as upon failure of consideration.

We think the ruling cannot be sustained on either ground, nor upon the ground of a lien claim as set forth in the notice under which possession was asserted. While the agreement speaks of a thirty-day use of the car it was obviously much more. Paragraphs other than those quoted require the purchaser to pay the rents promptly and declare that "the car should become his absolute property at the expiration of the terms and upon payments of the rents," &c. These, taken in connection with the previously quoted section, clearly contemplate a sale of the automobile upon the fulfillment of the conditions contained in the written agreement, and a right of possession in the appellant so long as he complied with its terms.

The second ground relied upon is equally without merit either under the contract or upon general principles of law. By the agreement the seller's right to repossession is based solely on a breach of its conditions, the language being "in case he [the purchaser] shall make default in performing and observing any of the covenants, conditions or agreements therein contained * * * it [the seller] may, at its option, * * * take possession of and remove the said automobile." In the conditions no reference is made to the Essex car, its title, nor to the consideration for the Dodge car, of which it formed a part. Whether, under the circumstances, appellant having offered to protect the respondent by replevying the Essex car and contesting the Cadman charges, respondent can maintain a claim for partial failure of consideration is not now before us; the claim certainly could not be made the basis of forfeiture of title of the Dodge car under the sales agreement.

Nor can the respondent's seizure of the Dodge car be supported under general law on the theory of a rescission of the contract based upon a partial failure of consideration. It had received in cash the sum of $50, a note for the balance due, and title to the Essex car. None of these were returned or tendered. It is elementary that rescission, even if otherwise justified, cannot be made unless the rescinding party, so far as lies in his power, restores the other to his original status.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ.  14.